UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARREN FINDLING, as Personal Representative for
The Estate of JEREMY ALAN GARZA, deceased,

     Plaintiff,

v

Case No:
Hon.

MICHIGAN DEPARTMENT OF CORRECTIONS,
WARDEN ROBERT NAPEL, individually
and in his official capacity, DEPUTY WARDEN
ALEXANDER, individually and in his official capacity,
DEPUTY WARDEN SHANE PLACE, individually
and in his official capacity, CO WAGNER, individually
and in his official capacity, CO DANIEL KESSLER,
individually and in his official capacity, CO AARON
VITALA, individually and in his official capacity,
CO YVONNE WHITNEY, individually and in her
official capacity, CO ROBERT LAFOREST, individually
and in his official capacity, CO CUCCHI, individually and
in his official capacity, and SGT. BUSH, individually
and in his official capacity,

Jointly and Severally,

     Defendants.

---

**S. JAY AHMAD (P43206)**
**VEN R. JOHNSON (P39219)**
JOHNSON LAW, PLC
Attorneys for Plaintiff
535 Griswold, Suite 2632
Detroit, Michigan 48226
(313) 324-8300
vjohnson@venjohnsonlaw.com
jahmad@venjohnsonlaw.com

---

## **COMPLAINT AND JURY DEMAND**

A civil action between these parties or other parties arising out of
the transaction or occurrence alleged in the complaint has been
previously filed in the Marquette County Circuit Court, docket number:
14-2163-NH, assigned to Judge Michael J. Beale

    /s/ S. Jay Ahmad_____
S. JAY AHMAD (P43206)

NOW COMES Plaintiff, DARREN FINDLING, as Personal Representative for the Estate of JEREMY ALAN GARZA, deceased, by and through his attorneys, JOHNSON LAW, PLC and for his Complaint against the above-named defendants, states as follows:

### JURISDICTION

1. That this action arises under the United Sates Constitution, particularly under the provisions of the Fourteenth, Fourth and Eighth Amendments of the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988.

2. That this court has jurisdiction of this cause under the provisions of Title 28 of the United States Code, sections 1331 and 1343 and pendant jurisdiction over state claims which arise out of the nucleus of operative facts common to Plaintiff's federal claims.

3. That Plaintiff brings suit against each and every Defendant in both their individual and official capacities.

4. That each and all of the acts of the Defendants set forth, MICHIGAN DEPARTMENT OF CORRECTIONS, WARDEN ROBERT NAPEL, DEPUTY WARDEN ALEXANDER, DEPUTY WARDEN SHANE PLACE, CO WAGNER, CO AARON VITALA, CO YVONNE WHITNEY, CO ROBERT LAFOREST, CO CUCCHI, and SGT. BUSH, were done by the Defendants under the color and pretense of the statutes, ordinances, regulations, laws, customs, and usages of the State of Michigan, and by virtue of and under the authority of the Defendants' employment with the State of Michigan.

5.  That the MICHIGAN DEPARTMENT OF CORRECTIONS, is responsible for, and does in fact, hire train, supervise, and instruct wardens, deputy wardens, sergeants and correctional officers of all grades in the performance of their duties.

6.  The amount in controversy exceeds $75,000.00, exclusive of Plaintiff's claims for costs, attorney fees, interest and punitive damages.

## PARTIES

7.  Plaintiff's decedent, JEREMY ALAN GARZA ("GARZA"), was a citizen and resident of Alma, County of Gratiot, State of Michigan and of the United States and is entitled to all rights, privileges, and immunities accorded to all citizens of the United States.

8.  That Defendant MICHIGAN DEPARTMENT OF CORRECTIONS ("MDOC") is formed pursuant to the laws of Michigan, and one of the functions of the MDOC is to organize, train, operate and staff correctional officer personnel in correctional facilities.

9.  That Defendant WARDEN ROBERT NAPEL ("NAPEL") , based on information and belief, is or was employed by the Michigan Department of Corrections as warden of the Marquette Branch Prison and was responsible for ensuring that Defendants enforced and abided by the policies and regulations of the MICHIGAN DEPARTMENT OF CORRECTIONS, the State of Michigan, and the United States.

10. That Defendant DEPUTY WARDEN ALEXANDER ("ALEXANDER"), based on information and belief, is or was employed by the Michigan Department of Corrections as deputy warden of the Marquette Branch Prison and was responsible for ensuring that Defendants enforced and abided by the policies and regulations of the MICHIGAN DEPARTMENT OF CORRECTIONS, the State of Michigan, and the United States.

11. That Defendant DEPUTY WARDEN SHANE PLACE ("PLACE"), based on

information and belief, is or was employed by the Michigan Department of Corrections as deputy warden of the Marquette Branch Prison and was responsible for ensuring that Defendants enforced and abided by the policies and regulations of the MICHIGAN DEPARTMENT OF CORRECTIONS, the State of Michigan, and the United States.

12. That Defendant CO WAGNER ("WAGNER"), based on information and belief, is or was employed by the Michigan Department of Corrections as a correction officer of the Marquette Branch Prison and was responsible for ensuring that Defendants enforced and abided by the policies and regulations of the MICHIGAN DEPARTMENT OF CORRECTIONS, the State of Michigan, and the United States.

13. That Defendant CO AARON VITALA ("VITALA"), based on information and belief, is or was employed by the Michigan Department of Corrections as a correction officer of the Marquette Branch Prison and was responsible for ensuring that Defendants enforced and abided by the policies and regulations of the MICHIGAN DEPARTMENT OF CORRECTIONS, the State of Michigan, and the United States.

14. That Defendant CO YVONNE WHITNEY("WHITNEY"), based on information and belief, is or was employed by the Michigan Department of Corrections as a correction officer of the Marquette Branch Prison and was responsible for ensuring that Defendants enforced and abided by the policies and regulations of the MICHIGAN DEPARTMENT OF CORRECTIONS, the State of Michigan, and the United States.

15. That Defendant CO ROBERT LAFOREST("LAFOREST"), based on information and belief, is or was employed by the Michigan Department of Corrections as a correction officer of the Marquette Branch Prison and was responsible for ensuring that Defendants enforced and abided by the policies and regulations of the MICHIGAN DEPARTMENT OF CORRECTIONS,

the State of Michigan, and the United States.

16. That Defendant CO CUCCHI ("CUCCHI"), based on information and belief, is or was employed by the Michigan Department of Corrections as a correction officer of the Marquette Branch Prison and was responsible for ensuring that Defendants enforced and abided by the policies and regulations of the MICHIGAN DEPARTMENT OF CORRECTIONS, the State of Michigan, and the United States.

17. That Defendant SGT. BUSH ("BUSH"), based on information and belief, is or was employed by the Michigan Department of Corrections as a correction officer of the Marquette Branch Prison and was responsible for ensuring that Defendants enforced and abided by the policies and regulations of the MICHIGAN DEPARTMENT OF CORRECTIONS, the State of Michigan, and the United States.

## COMMON FACTUAL ALLEGATIONS

18. Plaintiff hereby re-alleges each and every allegation in paragraphs 1 through 16 of this Complaint as if fully stated herein.

19. That GARZA was incarcerated at the Marquette Branch Prison, Level V.

20. That GARZA suffered from a psychiatric condition that Defendants failed to treat properly.

21. On April 10, 2014, the Michigan Department of Corrections records indicate that GARZA had a visitation with his mother Barbara Garza around 8:30 a.m. and that the visitation concluded at approximately 10:30 a.m.

22. That after returning to his cell, GARZA observed Defendants WAGNER, VITALA, WHITNEY, LAFOREST, and/or CUCCHI, removing personal items from his cell for no apparent reason.

23. That GARZA complained to the Defendants, that they should leave his personal belongings alone, but they refused and gave no explanation as to why they were removing his belongings.

24. That as a result of the Defendants behavior, GARZA told the Defendants that he was going to kill himself.

25. That Defendants WAGNER, VITALA, WHITNEY, LAFOREST, and/or CUCCHI, started to laugh at GARZA and told him to "go ahead and do it".

26. That on April 10, 2014, the Michigan Department of Corrections records indicate that GARZA was found hanging in his cell around 11:05 a.m.

27. That at 11:55 a.m. GARZA was pronounced dead.

28. Jeremy Garza died as a result of Defendants WAGNER, VITALA, WHITNEY, LAFOREST, and/or CUCCHI, refusal to respond to GARZA's safety complaints.

## COUNT I

### 42 USC 1983 CONSTITUTIONAL DEPRIVATIONS

29. Plaintiff hereby re-alleges each and every allegation contained in paragraphs 1 through 27 of this Complaint as if fully stated herein.

30. That the action and omission of acts by the Defendants under 42 USC Section 1983 was unreasonable and performed knowingly, deliberately, intentionally, maliciously, with gross negligence, callousness, and reckless indifference to Plaintiff's well-being and in disregard of Plaintiff's safety, with wanton intent for Plaintiff to suffer the unnecessary and intentional infliction of pain, failure to obtain timely medical treatment, and failure to properly train, supervise, develop and implement policies providing adequate medical and psychiatric treatment to an inmate and by reason of which Plaintiff is entitled to compensatory and punitive damages.

31. That the conduct of the Defendants, MDOC, NAPEL, ALEXANDER, PLACE, WAGNER, VITALA, WHITNEY, CO ROBERT LAFOREST, CO CUCCHI, and SGT. BUSH, individually, and/or as agents of the State of Michigan, deprived Plaintiff's decedent, GARZA, of his clearly established rights, privileges and immunities in violation of the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States, and of 42 USC Section 1983.

32. That the conduct of the Defendants, MDOC, NAPEL, ALEXANDER, PLACE, WAGNER, VITALA, WHITNEY, CO ROBERT LAFOREST, CO CUCCHI, and SGT. BUSH, individually, and/or as agents of the State of Michigan, exhibited a deliberate indifference by intentional acts, gross negligence and/or engaging in omissions to breach Plaintiff's public safety and causing constitutional deprivation of his individual rights to wit:

   a. Failure to properly prescribe and monitor the appropriate medications for a mentally ill prisoner;

   b. Failure to render the proper medical attention to a prisoner who was mentally ill;

   c. Failure to properly train correction officers in the evaluation of whether a inmate needs medical treatment;

   d. Failure to transfer Plaintiff's decedent to a hospital to receive the necessary medical care;

   e. A reasonable correction officer in Defendants' position at the time of this incident prior to the decedent's death, would have known that in light of the pre-existing law, that the unlawfulness of ignoring Plaintiff's suicidal ideation statement was apparent and to ignore it under those circumstances would be a violation of that clearly established law;

   f. Any and all other breaches as they become known throughout the course of this litigation.

33. That as a direct and proximate result of the aforementioned conduct and omissions of Defendants, MDOC, NAPEL, ALEXANDER, PLACE, WAGNER, VITALA, WHITNEY, CO ROBERT LAFOREST, CO CUCCHI, and SGT. BUSH, individually, and/or as agents of the State

of Michigan, Plaintiff's decedent, GARZA, suffered pain, anguish, and ultimately death.

WHEREFORE, Plaintiff requests the following relief:

    a.    Reasonable medical, funeral and burial expenses;

    b.    Conscious pain and suffering between the time of his injury and his death;

    c.    Loss of financial support;

    d.    Loss of service;

    e.    Loss of gifts or other valuable gratuities;

    f.    Loss of comfort, society and companionship;

    g.    Compensatory and punitive damages; and

    h.    Any and all other damages otherwise recoverable under USC Section 1983 and Section 1988.

## COUNT II
## FAILURE TO TRAIN, INADEQUATE POLICIES AND/OR PROCEDURES, CUSTOMS AND PRACTICES AND FAILURE TO SUPERVISE- DELIBERATE INDIFFERENCE- MICHIGAN DEPARTMENT OF CORRECTIONS

34.    Plaintiff hereby re-alleges each and every allegation contained in paragraphs 1 through 33 of this Complaint as if fully stated herein.

35.    Pursuant to 42 USC § 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution, Defendant MDOC owed GARZA certain duties to properly supervise, monitor and train its correctional officers and staff so as to monitor and supervise the jail's prisoners so that they would detect serious medical conditions and facilitate prompt and immediate medical attention and/or transport to a hospital ER.

36.    That Defendant, in its representative and official capacity, has maintained a custom and policy of improper training and supervision of its employees. Defendant is not protected by governmental immunity when following a policy that deprives individuals of their constitutional

rights. *Monell v N.Y. City Dep't of Soc. Servs.,* 436 658, 690-91, 692 (1978).

37. That Defendant MDOC, was aware of previous incidents where individuals who were incarcerated at the Marquette Branch Prison were not afforded proper medical treatment, specifically as to mental health referrals and observations.

38. That Defendant MDOC was aware of the custom and practice of corrections officers/wardens, deputy wardens and/or staff ignoring suicidal ideation statements, similar to the actions of Defendants, NAPEL, ALEXANDER, PLACE, WAGNER, VITALA, WHITNEY, CO ROBERT LAFOREST, CO CUCCHI, and SGT. BUSH.

39. The Defendant owed GARZA the following duties and obligations:

    a. To use due care and caution;

    b. To adequately and properly promulgate guidelines and policies that comply with the requirements of 42 U.S.C. § 1983 regarding the incarceration of prisoners and the supervision of prisoners, especially those who are mentally and emotionally and physically unstable and especially those who are diagnosed as having psychiatric or psychological problems;

    c. To adequately and properly train and supervise correction officers and employees of the Marquette Branch Prison under their supervision on the proper method of supervising prisoners and providing for their medical needs and on effectively controlling prisoners who have or are suspected to have psychological or psychiatric problems;

    d. To avoid hiring or selecting individuals who it knows or should know are incapable of performing their responsibilities or who are likely to misuse or abuse the power conferred on them as employees of the Marquette Branch Prison.

40. MDOC breached these duties via its policies, procedures, regulations, customs and/or lack of training and thus exhibited a reckless indifference toward its prisoners, and GARZA specifically, in the following ways, including but not limited to:

    a. MDOC's failure to staff the jail with competent medical personnel so that a mental health professional;

    b. MDOC's failure to monitor their correctional officers and medical personnel to ensure that they adequately monitor and supervise inmates who have serious medical needs;

    c. MDOC's failure to have proper policies and procedures, and training to deal with inmates in the observation cell and ensure that the policies and/or procedures are followed, which include serial examinations by competent and licensed medical and mental health personnel like RNs , Psychologists and/or Doctors as well as its failure to ensure the correctional officers conduct timely and adequate rounds and record their observations of the inmates every 15 minutes as required by their own policies and/or procedures;

    d. MDOC's failure to require that an RN, Doctor or Mental Health Professional perform a full and complete examination of a prison held in a medical observation cell, at least once per day;

    e. MDOC's failure to have proper policies and procedures in place to deal with jail overcrowding in the high observation units of the facility;

    f. MDOC's failure to fully investigate and discipline its correctional officers and/or medical/mental health personnel who do not abide by its policies and procedures relative to providing medical care for serious conditions; and,

    g. All other breaches learned through the course of discovery.

41. That Defendant MDOC trained their officials and/or employees and agents in such a reckless and grossly negligent matter, that it was inevitable that the officials would place a suicidal prisoner in a cell where she would not be supervised when it was obvious that such a prisoner needed constant supervision. Notwithstanding GARZA's contemplation of suicide, Defendant repeated and acquiesced in the continued practice of not placing potentially suicidal prisoners, such as GARZA, under close supervision and acquiesced in the repeated and continued practice of not adequately treating suicidal inmates in obvious need of treatment.

42. The failure of the Defendant to provide training and supervision regarding the prevention of suicides amounts to deliberate indifference to the safety and lives of the inmates of the Marquette Branch Prison and particularly GARZA.

43. Defendant MDOC is a supervisory official who knew or in the exercise of

reasonable care should have known that individual prison officials had engaged in misconduct and other violations of the constitutional rights of prison inmates at the Marquette Branch Prison, more specifically of GARZA.

44. Despite knowledge of its aforesaid pattern and practice, the Defendant failed to properly investigate the improper practices and to supervise and train the prison officials at the MDOC.

45. Defendant MDOC developed a "hands off" policy or custom with regard to the omissions of individual prison officials which encouraged the individual officials to believe they could violate the constitutional rights of GARZA with the explicit or tacit approval of the Defendant herein.

46. As a direct and proximate result of the above cited violations of GARZA's civil rights by Defendant, GARZA died and thus his estate, through Darren Findling, has and will continue to suffer damages in the future, including, but not limited to:

    a. Reasonable medical, hospital, funeral and burial expenses;

    b. Reasonable compensation for the pain and suffering undergone by GARZA while he was conscious during the time between his first psychiatric symptoms and his death;

    c. Loss of financial support;

    d. Loss of service;

    e. Loss of gifts or other valuable gratuities;

    f. Loss of comfort, society and companionship;

    g. Compensatory and punitive damages; and

    h. Any and all other damages otherwise recoverable under USC Section 1983 and Section 1988.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment

in his favor and against Defendant, including punitive damages under 42 U.S.C. § 42, in excess of $75,000.00 together with interest, costs and attorney's fees.

## COUNT III

## NEGLIGENCE AND GROSS NEGLIGENCE

47. Plaintiff hereby re-alleges each and every allegation contained in paragraphs 1 through 46 of this Complaint as if fully stated herein.

48. That acts and conduct of Defendants alleged in the above stated cause of action when considered under the laws of the State of Michigan, constitute gross negligence and the Defendants are not entitled to the immunity of MCL 600.1407(2) because they were grossly negligent.

49. That the conduct of the Defendants, MDOC, NAPEL, ALEXANDER, PLACE, WAGNER, VITALA, WHITNEY, CO ROBERT LAFOREST, CO CUCCHI, and SGT. BUSH, exhibited a deliberate indifference by intentional acts and/or omissions amounting to gross negligence.

50. At all relevant times, Defendants, were grossly negligent in one or more of the following ways:

    a. Failure to properly prescribe and monitor the appropriate medications for a mentally ill prisoner;

    b. Failure to render the proper medical attention to a prisoner who was mentally ill;

    c. Failure to properly train correction officers in the evaluation of whether a inmate needs medical treatment;

    d. Failure to transfer Plaintiff's decedent to a hospital to receive the necessary medical care;

    e. A reasonable correction officer in Defendants' position at the time of this incident prior to the decedent's death, would have known that in light of the

    pre-existing law, that the unlawfulness of ignoring Plaintiff's suicidal ideation statement was apparent and to ignore it under those circumstances would be a violation of that clearly established law.

  e. Any and all other acts of gross negligence as they become known throughout the course of this litigation.

51. That as a direct and proximate result of the aforementioned conduct and omissions of Defendants, MDOC, NAPEL, ALEXANDER, PLACE, WAGNER, VITALA, WHITNEY, CO ROBERT LAFOREST, CO CUCCHI, and SGT. BUSH, individually, and/or as agents of the State of Michigan, Plaintiff's decedent, GARZA, suffered pain, anguish, and ultimately, death.

WHEREFORE, Plaintiff, Darren Findling, as Personal Representative of the Estate of Jeremy Alan Garza, deceased, respectfully requests this Honorable Court enter Judgment in their favor and against Defendants jointly and severally, an amount in excess of $75,000, pursuant to 42 U.S.C. § 1983, exclusive of costs, interest, attorney fees, and punitive damages.

      Respectfully submitted,

      **JOHNSON LAW, PLC**

   By: /s/ S. Jay Ahmad_____
      **S. JAY AHMAD (P43206)**
      **VEN R. JOHNSON (P39219)**
      Attorneys for Plaintiff
      Buhl Building
      535 Griswold Street, Suite 2632
      Detroit, MI 48226
      313.324.8300
      vjohnson@venjohnsonlaw.com
      jahmad@venjohnsonlaw.com

Dated: January 25, 2017

## DEMAND FOR JURY TRIAL

Plaintiff, DARREN FINDLING, Personal Representative for the Estate of Jeremy Alan Garza, Deceased, by and through his attorneys, JOHNSON LAW, PLC, hereby requests a trial by jury in this matter.

Respectfully Submitted,

**JOHNSON LAW, PLC**

By: /s/ S. Jay Ahmad
**S. JAY AHMAD (P43206)**
**VEN R. JOHNSON (P39219)**
Attorneys for Plaintiff
Buhl Building
535 Griswold Street, Suite 2632
Detroit, MI 48226
313.324.8300
vjohnson@venjohnsonlaw.com
jahmad@venjohnsonlaw.com

Dated: January 25, 2017