UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARREN FINDLING as Personal
Representative for the Estate of
JEREMY ALAN GARZA,

    Plaintiff,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.
_____/

Case No. 2:17-CV-18

HON. GORDON J. QUIST

## ORDER ADOPTING IN PART AND REJECTING IN PART
## REPORT AND RECOMMENDATION

Plaintiff, Darren Findling, as Personal Representative for the Estate of Jeremy Alan Garza, sued the Michigan Department of Corrections (MDOC) and several MDOC employees, alleging various federal- and state-law claims arising out of Garza's suicide, which occurred while Garza was incarcerated with the MDOC. Defendants filed a motion for summary judgment. (ECF No. 27.) On September 11, 2019, Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R & R) (ECF No. 33), recommending that the Court grant the motion in part and deny it in part as follows: (1) dismiss the MDOC on the basis of Eleventh Amendment immunity; (2) grant summary judgment to Defendants Napel, Alexander, Place, Wagner, Kessler, Whitney, and Bush based on their lack of personal involvement in the incident; and (3) grant summary judgment to Defendant Viitala based on lack of evidence of deliberate indifference; and (4) deny summary judgment to Defendants Kutchie and LaForest, leaving Findling's Eighth Amendment deliberate indifference and state-law gross negligence claims against them as the only remaining claims in the case. (*Id.* at PageID.513, 517.)

Defendants Kutchie and LaForest have filed Objections to the R & R, in which they argue that the magistrate judge erred in recommending that the Court deny the motion on Findling's state-law gross negligence claims against them. Pursuant to 28 U.S.C. § 636(b), upon receiving an objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Defendants Kutchie's and LaForest's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted except for its recommendation to allow the gross negligence claim to proceed against Defendants Kutchie and LaForest.

Defendants argue that the magistrate judge erred in not granting them summary judgment or governmental immunity[1] on the gross negligence claim because their actions or inactions were not the proximate cause of Garza's death. Citing *Johnson v. Williams*, 2017 WL 4236548, at *12 (E.D. Mich. Sept. 25, 2017), the magistrate judge said that "[t]he fact that an inmate committed suicide does not mean that no other conduct could be the proximate cause to that inmate's death." (ECF No. 33 at PageID.529.) Defendants argue that the magistrate judge erred in relying on *Johnson* because *Johnson* involved a negligence claim, rather than a gross negligence claim under Michigan's Governmental Tort Liability Act (GTLA), and both of the cases cited in *Johnson*, *Teal v. Prasad*, 283 Mich. App. 384, 772 N.W.2d 57 (2009), and *Estate of Pace v. Hurley Medical Center*, No. 378732 (Mich. Ct. App. Jan. 26, 2017), were medical malpractice cases involving suicides.

As the magistrate judge correctly noted, the Michigan Supreme Court has held that "the proximate cause," as used in M.C.L. § 691.1407(2), "means the one most immediate, efficient, and

---

[1]Defendants refer to qualified immunity in their Objections, but because the claim is a state-law gross negligence claim, the immunity that would apply is governmental immunity under Michigan's Governmental Tort Liability Act, M.C.L. § 691.1407.

2

direct cause preceding an injury, not 'a proximate cause.'" *Robinson v. City of Detroit*, 462 Mich. 439, 445, 613 N.W.2d 307, 311 (2000). In *Robinson*, the plaintiffs were innocent passengers injured in a car driven by an underage driver who was fleeing police officers. Applying the GTLA proximate cause standard, the court held that it was the conduct of the reckless driver, not the conduct of the pursuing police officers, that was the proximate cause of the plaintiffs' injuries. *Id.* at 462, 613 N.W.2d at 319. In *Livermore ex rel. Rohm v. Lubelan*, 476 F.3d 397 (6th Cir. 2007), the decedent, who was avoiding arrest, was shot and killed by a sniper as the decedent pointed his gun toward police officers. The court held that the officer was immune from the plaintiff's gross negligence claim because "the proximate cause of Rohm's death was not Lt. Ellsworth's conduct, but rather Rohm's decision to disregard his promise to surrender unarmed and to set fire to his residence." *Id.* at 409.

The Court's own research reveals that in prisoner-suicide cases, Michigan and federal courts have held that the prisoner's suicide was the proximate cause of the death. For example, in *Soles v. Ingham County*, 316 F. Supp. 2d 536 (W.D. Mich. 2004), a judge in this district wrote:

> [E]ven if Mitchell, Cates or Haven were deemed responsible for some nonfeasance amounting to gross negligence, liability could be imposed only if such nonfeasance was the proximate cause of Aaron's death. Yet, it is undisputed that Aaron committed suicide while he was alone in his cell by hanging himself with a bed sheet. The one most immediate, efficient and direct cause of his death was clearly not any nonfeasance by defendants, but Aaron's own volitional self-destructive act.

*Id.* at 546 (citing *Scott v. Charter Twp. of Clinton*, 2002 WL 31160298 (Mich. Ct. App. Sept. 27, 2002)). Similarly, in *Cooper v. Washtenaw County*, 270 Mich. App. 506, 715 N.W.2d 908 (2006), the Michigan Court of Appeals applied *Robinson*'s proximate cause standard and concluded that the defendants were immune on the plaintiff's gross negligence claim because "the one most immediate, efficient, and direct cause of Morton's death was his own conduct," i.e., his suicide while confined in a holding cell. *Id.* at 508–09, 715 N.W.2d at 909. *See also Bradley v. City of Ferndale*, 148 F.

App'x 499, 514 (6th Cir. 2005) (citing *Scott and Soles* and concluding that "it is clear that the one most immediate, efficient and direct cause of Bradley's death was his own act of hanging himself"); *Perez v. Oakland Cty.*, No. 271406, 2007 WL 914669, at *3 (Mich. Ct. App. Mar. 27, 2007) (citing *Cooper* and concluding that the proximate cause of the inmate's death was his own act of suicide).

In light of the foregoing cases, the Court concludes that under the GTLA, Garza's act of hanging himself was the one most immediate, efficient and direct cause of Garza's death. Accordingly, Defendants Kutchie and LaForest are entitled to governmental immunity on the gross negligence claim.

Therefore,

**IT IS HEREBY ORDERED** that the September 11, 2019, Report and Recommendation (ECF No. 33) is **ADOPTED IN PART AND REJECTED IN PART** as the Opinion of this Court. Defendants' Objections (ECF No. 35) are **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 27) is **GRANTED** with regard to all claims against Defendants MDOC, Napel, Alexander, Place, Wagner, Kessler, Whitney, Bush, and Viitala and the gross negligence claims against Defendants Kutchie and LaForest and **DENIED** with regard to the deliberate indifference claims against Kutchie and LaForest. The case will proceed solely on the deliberate indifference claims against Defendants Kutchie and LaForest.

Dated: September 30, 2019            /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE